**KENTUCKY BAR ASSOCIATION, Movant,**

v.

**Thomas L. RAY, Respondent.**

**No. 90–SC–989–KB.**

Supreme Court of Kentucky.

April 11, 1991.

———

Scott D. Majors, Asst. Bar Counsel, Kentucky Bar Ass'n, Frankfort, for movant.

Thomas L. Ray, Robert M. Kaercher, Louisville, for respondent.

## OPINION AND ORDER

STEPHENS, Chief Justice.

The Kentucky Bar Association's motion for reconsideration pursuant to CR 76.38 is granted. The order entered herein on February 14, 1991, is withdrawn and the following is substituted therefor.

Pursuant to SCR 3.370, the Kentucky Bar Association has recommended that respondent, Thomas L. Ray, be disbarred from the practice of law in the Commonwealth of Kentucky.

On August 18, 1989, respondent was charged by the Inquiry Tribunal with six counts of unethical and unprofessional conduct. By unanimous vote of the Board of Governors, he was found guilty of commingling estate funds with his own personal and business funds, conversion of estate assets, and neglect of his professional duties by failing to finally settle an estate for approximately fourteen years.

Respondent has not requested that this Court review the action of the Board of Governors; indeed, respondent has frivolously challenged the authority of the Board of Governors and this Court to entertain a disciplinary proceeding against him, a proposition firmly resolved against respondent in *KBA v. Vincent*, Ky., 538 S.W.2d 39 (1976), and *In re Sparks*, 267 Ky. 93, 101 S.W.2d 194 (1937).

Upon review of the Board's decision and the entire record, IT IS ORDERED that:

1. Respondent, Thomas L. Ray, should be and is hereby disbarred from the practice of law in the courts of the Commonwealth of Kentucky, as defined by SCR 3.020, until such time as the Supreme Court of Kentucky enters an order reinstating his membership in the Kentucky Bar Association.

2. Respondent shall not file an application for reinstatement until the expiration of five (5) years from the date of this order.

3. Any application for reinstatement filed by respondent shall be governed by SCR 3.520 or any subsequent amendment to SCR 3.520.

4. Respondent shall pay the costs of this proceeding.

5. Respondent is directed to notify, in the manner set out in SCR 3.390 within ten (10) days of the date of this order, all courts in which he has matters pending and all clients for whom he is actively involved in litigation and similar legal matters, of his inability to continue to represent them, and of the necessity and urgency of promptly retaining new counsel.

6. The Master Commissioner of the Jefferson Circuit Court is directed to file a report of his actions as Receiver, pursuant to the order entered herein on May 4, 1989, and upon approval thereof, he shall be discharged and relieved of any further duties thereunder.

All concur.